CHARLES H. THIBODEAUX
v.
NORTHERN TOOL & EQUIPMENT CATALOG COMPANY, INC.
No. 2009 CA 0545.
Court of Appeals of Louisiana, First Circuit.
October 23, 2009.
Not Designated for Publication
CHARLES H. THIBODEAUX Plaintiff-Appellant, In Proper Person.
JOHN M. McKAY Attorney for Defendant-Appellee Northern Tool & Equipment Catalog Company, Inc.
Before: PARRO, KUHN, and McDONALD, JJ.
PARRO, J.
This is a pro se appeal by Charles H. Thibodeaux from a judgment in favor of Northern Tool and Equipment Catalog Company, Inc. (Northern), dismissing all of his claims against it. For the following reasons, we affirm.

DISCUSSION
The petition in this case asserts that Mr. Thibodeaux purchased a 30horsepower tractor from Northern for the sum of $19,999, but when he received it, it was allegedly damaged. Northern replaced a hydraulic cylinder and fuel gauge; however, it did not replace or repair the left fork on the front end loader or the hood of the tractor, both of which were also damaged, and refused to take the tractor back. Mr. Thibodeaux alleged he could not use the equipment in that condition and had been out of use of the tractor, as well as the money he paid for it, since June 2007. He asked the court to order Northern to take the tractor back and to reimburse the purchase price, plus interest.
Northern admitted it sold a 30-horsepower tractor to Mr. Thibodeaux, but it asserted that any damages were not caused by the fault or negligence of Northern or anyone for whom it may be responsible. It pled the negligence of Mr. Thibodeaux and/or third parties and asserted all defenses available under the Louisiana Products Liability Act. Northern also denied that the tractor was defective in design, composition, and/or manufacture, was unreasonably dangerous, or presented an unreasonable risk of harm. It further stated that if a defect were found to exist in the tractor, then any such defect did not exist at the time of manufacture and was caused solely by the negligence and fault of others. Finally, Northern claimed Mr. Thibodeaux had not mitigated his damages, if any, entitling it to a reduction in the amount of any damages awarded.
In an "amendment," Mr. Thibodeaux claimed that he had also asked Northern to take back a bush-hog that he had purchased to use with the tractor. Northern allegedly agreed with his request and sent a truck, which picked up the bush-hog and returned it to the manufacturer. Mr. Thibodeaux's "amendment" stated he did not receive a refund of "more than $1100" for the return of the bush-hog. No answer was filed to this "amendment."[1]
After a trial, during which the trial judge personally examined the tractor, judgment was rendered in favor of Northern, dismissing Mr. Thibodeaux's claims. Mr. Thibodeaux then filed a motion, claiming Northern's attorney took part in a private conversation with Mr. Thibodeaux's witness in the lobby of the court just prior to trial. Mr. Thibodeaux claimed this was improper conduct and asked the court to reverse its judgment in consideration of the "Illegal act of Witness Tampering." The motion was denied, and this appeal followed.
In his appeal, Mr. Thibodeaux's only briefed argument concerns the "witness tampering" that he believes influenced the result in his case. He claims the trial testimony of Mike Midence contradicted what that witness had told him before the trial. He states that, since Mr. Midence works for a company that does business with Northern, he may have been threatened with a loss of business if he did not testify as Northern requested. Mr. Thibodeaux asks this court to reverse the judgment and award him the cost of the tractor, plus interest and court costs. Northern acknowledges that its attorney discussed Mr. Midence's report with him before the trial, because Mr. Midence had been hired by Northern to inspect the tractor and to issue a written report to Northern. Although Mr. Midence was subpoenaed by Mr. Thibodeaux as a trial witness, he was also listed as Northern's expert witness on its pre-trial inserts. Therefore, there was no impropriety in discussing his testimony before the trial.
We note first that Mr. Thibodeaux's claim of "witness tampering" is totally unjustified. The record shows that Mr. Midence worked for M&M Equipment and Export Company in Kenner, Louisiana, and was contacted by Bob Daily at Nortrac, the manufacturer of the tractor, to examine it and prepare a report for Northern. He stated he was testifying as Northern's expert witness, and he was listed as such on Northern's pre-trial inserts. Therefore, there is no merit to Mr. Thibodeaux's claim that Northern's attorney's pre-trial discussion with Mr. Midence was inappropriate. Since this was Mr. Thibodeaux's only "assignment of error" to this court, we could decide on the basis of this issue alone that his appeal is unfounded.
However, in order to provide this pro se litigant with every opportunity to present his case to this court, we have examined the entire record, including the trial testimony and evidence. Mr. Thibodeaux presented photographs of the tractor and opined that the tractor hood and front end loader had been bent in transit from the manufacturer to Northern. However, he did not see the tractor until it was delivered to him and did not notice the damage until five to eight days after he received it. Therefore, as the trial court pointed out, no matter how reasonable Mr. Thibodeaux's opinions may be, his theories about how and when the damages occurred were simply conjecture and do not satisfy his burden of proof. Mr. Midence was accepted as an expert heavy equipment mechanic. He identified his report and agreed that the hood and front end loader were damaged, but he admitted that he was not an expert in loading or transporting equipment and could not say whether the tractor had been damaged in transport or how the damage had occurred. We note that even if Mr. Midence had agreed with Mr. Thibodeaux about the cause of the damage, because he was not an expert in transportation or damage analysis, that testimony would not have helped Mr. Thibodeaux's case.
This court may not reverse a judgment in the absence of manifest error in factual findings or legal error. The two-part test for the appellate review of a factual finding is: 1) whether there is a reasonable factual basis in the record for the finding of the trial court; and 2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La. 1987). Thus, if there is no reasonable factual basis in the record for the trial court's finding, no additional inquiry is necessary to conclude there was manifest error. However, if a reasonable factual basis exists, an appellate court may set aside a trial court's factual finding only if, after reviewing the record in its entirety, it determines the trial court's finding was clearly wrong. See Stobart v. State, through Dep't of Transp. and Dev., 617 So.2d 880, 882 (La. 1993). A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. When such a prejudicial error of law skews the trial court's finding as to issues of material fact, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts de novo. Evans v. Lungrin, 97-0541, 97-0577 (La. 2/6/98), 708 So.2d 731, 735.
Finding neither manifest error nor legal error in this case, we affirm the judgment and issue this opinion in accord with Rule 2-16.1(B) of the Uniform Rules of Louisiana Courts of Appeal.

CONCLUSION
The judgment of February 13, 2009, is affirmed. All costs of this appeal are assessed against Mr. Thibodeaux.
AFFIRMED.
NOTES
[1] During the trial, the court examined the record and concluded that this "amendment" had never been served on Northern, and disallowed any testimony or evidence concerning the return of the bush-hog.